UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARL GILLETTE, JR.,           )
                              )
            Plaintiff,        )
                              )
        vs.                   )          No. 4:06-CV-918 (CEJ)
                              )
CITY OF WELLSTON,             )
                              )
            Defendant.        )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment. Plaintiff has not responded to the motion, and the time allowed for doing so has expired.

Plaintiff, proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA). Plaintiff alleges that defendant failed to promote him to the position of lead man and discharged him because of his disability (diabetes) and in retaliation for making a complaint against a coworker.

## I.    Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most

favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

The Court must liberally construe the pleadings of *pro se* parties. Haines v. Kerner, 404 U.S. 519 (1972).

## II.  Background

Plaintiff was employed by the City of Wellston from June 25, 2005 to April 26, 2006. In his deposition, plaintiff testified he worked for the city's public works department and at city hall, where he performed janitorial work. Plaintiff's job at the public works department typically involved landscaping and tree-trimming,

minor street repairs, and trash removal. Plaintiff testified that the public works department had three employees: plaintiff, a man named Lee, and Tyrome Avery. Plaintiff's immediate supervisor was Daise McClendon, who plaintiff identified as the city's parks and recreation director. Plaintiff testified that the department of public works never had a lead person, but that McClendon instructed plaintiff to follow directions given by Tyrome Avery when on-site. Plaintiff reported that McClendon emphasized that she was his immediate supervisor and that Avery did not have the power to terminate plaintiff's employment.

Plaintiff testified that he reported to McClendon that Avery and Lee were engaging in misconduct and illegal activity during work hours. Plaintiff testified that he made such reports throughout his nine-month term of employment. He believes that defendant terminated his employment in part in retaliation for making these complaints.

Plaintiff says he informed his supervisors that he had diabetes, but the condition did not adversely affect his job performance. Plaintiff denied ever making a complaint that he was being treated unfairly by his employers because of his diabetes. He admitted during his deposition that defendant did not discharge him because of his diabetes.

III.  **Discussion**

A.  **Disability Discrimination**

To establish a prima facie case of employment discrimination on the basis of disability, an employee must show that (1) he is

disabled within the meaning of the Americans with Disabilities Act, (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of a job, and (3) the employee suffered an adverse employment action because of the disability. Henderson v. Ford Motor Co., 403 F.3d 1026, 1034 (8th Cir. 2005). The adverse employment action must take place "under circumstances that give rise to an inference of discrimination." Taylor v. Southwestern Bell Telephone Co., 251 F.3d 735, 739 (8th Cir. 2001).

Assuming that plaintiff's diabetes constitutes a disability within the meaning of the Americans with Disabilities Act, plaintiff admitted in his deposition that he did not believe he was discharged because of his diabetes. He testified that his employer knew of his diabetes for several months before his termination, that diabetes did not affect his work performance, and that he was not told he was being terminated because of a disability. The Court finds that these circumstances do not give rise to an inference of discrimination, and plaintiff has not established that he was suspended or terminated on the basis of a disability.

### B. Failure to promote

To establish a prima facie case of discrimination for failure to promote under Title VII, a plaintiff must show that he is a member of a protected class, that he sought and was denied a promotion for which he was qualified, and that the promotion was given to another person who is not a member of the protected class. Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1310 (8th Cir. 1995).

To establish that an employer failed to promote an employee on the basis of a disability, the employee must show that (1) he is disabled within the meaning of the ADA, (2) the employer was aware of his disability, (3) the employee was otherwise qualified for the position sought, and (4) the employer nonetheless failed to promote him, and such failure was based on employee's disability. Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 221 (2d Cir. 2001).

Plaintiff asserts that he was unlawfully denied promotion to the "lead man" position in the public works department, yet he testified that no such position existed. Plaintiff did not allege that he sought a position that was awarded to a person not a member of the protected class. Additionally, plaintiff admitted that his diabetes did not affect his work performance.  The Court finds that plaintiff has failed to establish that defendant's failure to promote him was based on his diabetes or on any other unlawful purpose.

### C.   Retaliation

The plaintiff claims he was terminated in retaliation for complaining to his supervisor about his coworkers' misconduct and illegal activity during work hours. Plaintiff does not identify a statute or other law which the alleged retaliation violated. Defendant analyzes the retaliation claim under the ADA and Title VII.

"Retaliation claims are treated the same whether brought under the ADA or Title VII." Penny v. United Parcel Service, 128 F.3d 408, 417 (6th Cir. 1997). To establish a prima facie case of

retaliation, plaintiff must establish that "(1) he engaged in protected conduct, (2) a reasonable employee would have found the challenged action materially adverse, and (3) the materially adverse action was causally linked to the protected conduct." Carrington v. City of Des Moines, Iowa, 481 F.3d 1046, 1050 (8th Cir. 2007). If the plaintiff makes a prima facie case, the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for the adverse employment action. Penny, 128 F.3d at 417. The plaintiff "bears the ultimate burden of proving that the proffered reason for the action was merely a pretext for discrimination." Id.

Title VII proscribes discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Plaintiff does not allege that he complained to his supervisor of discrimination on any of those bases. The ADA prohibits discrimination on the basis of disability. 42 U.S.C. § 12101 et seq. Plaintiff did not allege that he was retaliated against on the basis of his diabetes.

Plaintiff did not argue, nor has he established, that the termination of his employment was linked to any protected conduct, such as complaining to a supervisor about discrimination prohibited by Title VII or the ADA.

**IV. Conclusion**

The Court finds that plaintiff has failed to make a showing sufficient to establish a prima facie case of discrimination or retaliation under Title VII or under the ADA.

6

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [# 22] is **granted.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2007.